IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

DOUGLAS SCOTT MEYER                                                       PLAINTIFF

v.                                CIVIL NO. 22-cv-5203

ANDREW SAUL, Commissioner                                      DEFENDANT
Social Security Administration

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, Douglas Scott Meyer, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claim for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act (hereinafter "the Act"), 42 U.S.C. § 423(d)(1)(A). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**I.**    **Procedural Background**

Plaintiff protectively filed his application for DIB on March 20, 2020. (Tr. 11). In his application, Plaintiff alleged disability beginning on March 20, 2016, due to: degenerative disc disease, post-traumatic stress disorder, migraines, depression, bipolar disorder, anxiety, neuropathy, high blood pressure, rheumatoid arthritis, and diabetes. (Tr. 11, 193). An administrative hearing was held on April 7, 2021, via telephone, at which Plaintiff appeared with counsel and testified. (Tr. 11, 41-66).

On September 27, 2021, the ALJ issued an unfavorable decision. (Tr. 8–32). The ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe: degenerative disc disease of the lumbar spine, obesity, subarachnoid

1

hemorrhage, major depressive disorder, post-traumatic stress disorder, and anxiety disorder. (Tr. 15–16). The ALJ found Plaintiff suffered from the medically determinable but nonsevere impairments of diabetes mellitus, hypertension, pancreatitis, cellulitis, hepatitis C, arthritis, and degenerative joint disease. *Id*. However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the severity of any impairment listed in the Listing of Impairments found in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 17–21). The ALJ found that Plaintiff retained the residual functional capacity (RFC) to:

> [P]erform light work as defined in 20 CFR 404.1567(b) except for the following: he can perform work where interpersonal contact is incidental to the work performed, e.g., assembly work. He can perform tasks where the complexity of the tasks is learned and performed by rote with few variables, little judgment, and where supervision is simple, direct, and concrete.
> (Tr. 21–30).

With the help of a vocational expert, the ALJ found Plaintiff would be unable to perform any of his past relevant work but would be able to perform the representative occupations of small products assembler, merchandise marker, or dispatcher, router. (Tr. 30–31). The ALJ found Plaintiff was not disabled from March 20, 2016, through the date of his decision. (Tr. 32). Plaintiff requested a review of the hearing decision by the Appeals Council, which was denied on August 15, 2022. (Tr. 1–6). Subsequently, Plaintiff filed this action. (ECF No. 2). This matter is before the undersigned for report and recommendation pursuant to 28 USC §636(b). Both parties have filed appeal briefs. (ECF Nos. 14, 16). The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

**II.    Applicable Law:**

This court's role is to determine whether substantial evidence supports the Commissioner's findings. *Vossen v. Astrue*, 612 F.3d 1011, 1015 (8th Cir. 2010). Substantial evidence is less than

a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019). We must affirm the ALJ's decision if the record contains substantial evidence to support it. *Blackburn v. Colvin*, 761 F.3d 853, 858 (8th Cir. 2014). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, we must affirm the ALJ's decision. *Id.*

A claimant for Social Security Disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that has lasted at least one year and that prevents the claimant from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see also* 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D). Plaintiff must show that his or her disability, not simply their impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his or her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal

an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his or her age, education, and experience. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). Only if the ALJ reaches the final stage does the fact finder consider the Plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982), *abrogated on other grounds by Higgins v. Apfel*, 222 F.3d 504, 505 (8th Cir. 2000); 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

### III.   Discussion

Plaintiff raises the following on appeal: 1) whether the ALJ erred in failing to fully and fairly develop the record; 2) whether the ALJ erred at step two by not performing the psychiatric review technique; 3) whether the ALJ erred in assessing the credibility of Plaintiff's subjective complaints; and 4) whether the ALJ erred in his RFC determination. (ECF No. 10).

After review, of particular concern to the undersigned is the ALJ's failure to consider Plaintiff's left sided numbness which continued throughout the relevant time period and was associated with weakness and falling. (Tr. 1808, 1829). The ALJ considered Plaintiff's left sided numbness and weakness in November of 2016, and inJune of 2017, as residuals of Plaintiff's subarachnoid hemorrhage but failed to discuss medical records which showed that Plaintiff's left sided weakness and numbness persisted and was later associated with muscle weakness and falls. (Tr. 22, 1850, 3518, 3737, 3795, 3767). Plaintiff reported two falls in early 2018 at an appointment on March 6, 2018, and attributed both falls to leg weakness. (Tr. 1808). Plaintiff also reported burning pain in his left leg in November of 2020, when he fell twice due to his knee giving out. (Tr. 3795). Plaintiff was noted to walk with an antalgic gait and to be grimacing. (Tr. 3798).

However, the ALJ did not acknowledge these records and did not adopt any limitations to account for Plaintiff's worsening condition.

There is no requirement that an RFC finding be supported by a specific medical opinion. *Hensley v. Colvin*, 829 F.3d 926, 931-932 (8th Cir. 2016); *Myers v. Colvin*, 721 F.3d 521, 526– 27 8th Cir. 2013 (affirming RFC without medical opinion evidence); *Perks v. Astrue*, 687 F.3d 1086, 1092– 93 (8th Cir. 2012) (same). However, the RFC determination is RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545. Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Miller v. Colvin*, 784 F.3d 472, 479 (8th Cir. 2015) (citing *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. *Perks v. Astrue*, 687 F.3d 1086, 1092 (8th Cir. 2012). In this case, the ALJ found all opinion evidence from Plaintiff's treating and examining physicians to be unpersuasive. (Tr. 26–29). While he did find the opinions of Dr. Patrick Fields and Dr. Jerry Thomas to be persuasive, these state agency medical consultants offered their opinions in July and September of 2020, more than two months before Plaintiff reported worsening left leg symptoms. (Tr. 76, 93). Their opinions were also offered without the benefit of reviewing imaging that showed Plaintiff's lumbar degenerative disc disease was worsening. In January of 2021, Plaintiff underwent an MRI which showed Plaintiff's lumbar spondylosis had advanced as compared to the prior MRI, and in January of 2021, Plaintiff had an X-ray which revealed severe degenerative disc disease at L5-S1 and multilevel spondylosis. (Tr. 3518, 3795). As the ALJ found

all later opinion evidence unpersuasive, he was left without any medical opinion evidence that addressed Plaintiff's worsening condition.

While an ALJ is under no specific duty to procure an RFC assessment from each treating physician, the ALJ must base his opinion on some medical evidence that addresses Plaintiff's ability to function in the workplace. *Perks v. Astrue*, 687 F.3d at 1092; *See Hildebrand v. Barnhart*, 302 F.3d 836, 838 (8th Cir. 2002) (court may remand for taking of further evidence where ALJ fails to develop record fully); *Haley v. Massanari*, 258 F.3d 742, 749 (8th Cir.2001) (reversible error for ALJ not to order consultative examination where such evaluation is necessary to make informed decision). The ALJ erred in failing to properly consider Plaintiff's left-sided weakness and arthritis. Accordingly, the undersigned finds that the ALJ's RFC determination is not supported by substantial evidence.

On remand, the ALJ is directed to clarify his RFC findings, specifically addressing Plaintiff's postural limitations. The ALJ is directed to address interrogatories to a qualified doctor requesting that said physician review all of Plaintiff's medical records; complete an RFC assessment regarding Plaintiff's capabilities during the time period in question; and provide the objective basis for the assessment so that an informed decision can be made regarding Plaintiff's ability to perform basic work activities on a sustained basis. The ALJ may also order a consultative examination, in which, the consultative examiner should be asked to review the medical evidence of record, perform examinations and appropriate testing needed to properly diagnose Plaintiff's condition(s), and complete a medical assessment of Plaintiff's abilities to perform work related activities. *See* 20 C.F.R. § 416.917. With this evidence, the ALJ should then re-evaluate Plaintiff's RFC and specifically list in a hypothetical to a vocational expert any limitations that are indicated in the RFC assessments and supported by the evidence.

### IV. Conclusion

Based on the foregoing, it is recommended that the Commissioner's final decision be reversed, and the case remanded back to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

**The parties have fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

IT IS SO ORDERED this 30th day of October 2023.

/s/ *Christy Comstock*
HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE